UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD T. LARSON,<br>Petitioner,<br>v.<br>JAMES D. HARTLY, Warden,<br>Respondent. | Case No. EDCV 10-964 AG(JC)<br><br>~~(PROPOSED)~~<br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (the "Petition") and accompanying documents, respondent's Motion to Dismiss the Petition, petitioner's opposition thereto, and all of the records herein, including the Report and Recommendation of United States Magistrate Judge and petitioner's "Petition for Dismissal" in which he seeks dismissal of his unexhausted claims (claims 2-5). The Court approves and accepts the United States Magistrate Judge's Report and Recommendation ("Report and Recommendation") with the following modifications:

    1.    At page 2, line 17, the word "seems" is replaced with the word "seeks";

    2.    At page 2, line 20, the word "seems" is replaced with the word "seeks";

3.      At page 3, line 21, and at page 10, line 18, the date "February 20, 2008" is corrected to "February 20, 2009."

4.      At page 4, lines 19-21, the sentence which currently appears is updated to read as follows: "Petitioner's subsequent request for a certificate of appealability was denied by the United States Court of Appeals for the Ninth Circuit in Case No. 10-56003 on January 20, 2012."

5.      At page 12, line 3, "129 S. Ct. 397 (2008)" is updated to "555 U.S. 967 (2008)."

The Court further reiterates that, in dismissing petitioner's unexhausted claims without prejudice, the Court has not opined whether petitioner's right to have these claims considered via state habeas petition may be foreclosed under principles discussed in In re Clark, 5 Cal. 4th 750, 763-87 (1993). See Report and Recommendation at 7 (discussing same). The United States Supreme Court has recently upheld California's "general 'reasonableness' standard" to judge whether a habeas petition is timely filed as an adequate procedural barrier to adjudication of a claim on the merits. See Walker v. Martin, 131 S. Ct. 1120, 1125, 1128-30 (2011). State habeas petitioners in California are instructed to file a habeas petition "as promptly as the circumstances allow." Id. (citing In re Clark, 5 Cal. 4th at 765 n. 5). As Walker notes, if petitioner elects to pursue Grounds 2-5 with the California Supreme Court, that court may consider the timeliness of those claims or may elect to bypass the timeliness issue and reach the merits. See Walker v. Martin, 131 S. Ct. at 1125-26 (discussing California procedure and cases cited therein).

IT IS HEREBY ORDERED that: (1) petitioner's unexhausted claims (claims 2-5) are dismissed without prejudice; (2) the Motion to Dismiss is denied as moot to the extent it seeks dismissal of the Petition as "mixed"; (3) the Motion to Dismiss is denied on its merits to the extent it seeks dismissal of claim 1 as

///

time-barred; and (4) the Motion to Dismiss is denied as moot to the extent it seeks dismissal of claims 2-5 as time-barred.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Report and Recommendation on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: August 31, 2012

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE